Filed 3/7/22  P. v. Taituave CA2/2
Opinion following transfer from Supreme Court
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MIKE TAITUAVE,<br><br>　　　Defendant and Appellant. | B305271<br><br>(Los Angeles County<br>Super. Ct. No.<br>NA081157) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Reversed and remanded with directions.

　　　Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Idan Ivri and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

We remand this case with directions to the superior court to determine whether appellant Mike Taituave, convicted in 2010 among other offenses of five counts of attempted murder, should be resentenced under the provisions of Senate Bill No. 775 (Stats. 2021, ch. 551 (SB 775)). SB 775, effective January 1, 2022, extends the provisions of Penal Code section 1170.95 (section 1170.95) to persons convicted of attempted murder under the natural and probable consequences doctrine. Prior to January 1, 2022, section 1170.95 was limited to persons convicted of first or second degree murder.

## PROCEDURAL HISTORY

Appellant was convicted by a jury of conspiracy to commit murder (Pen. Code, § 182, subd. (a)(1)), five counts of attempted murder (§§ 664, 187 subd. (a)), and five counts of assault with a firearm (§ 245, subd. (a)(2)). The jury found true gang allegations on all counts (§ 186.22, subd. (b)(1)(C)). The jury found all five attempted murders to be willful, deliberate, and premeditated.

Appellant was sentenced to a term of 90 years to life in state prison. The sentence was composed of six consecutive 15-years-to-life terms on the conspiracy and the five attempted murder counts. The sentences on the assault counts were stayed pursuant to Penal Code section 654.

Taituave appealed. The judgment was affirmed in *People v. Taituave et al.* (May 15, 2012, B225435) [nonpub. opn.] [2012 Cal.App. Unpub. LEXIS 3619] (*People v. Taituave I*), with the exception that the sentence on the conspiracy to commit murder count was stayed under Penal Code section 654, reducing his sentence to 75-years-to-life imprisonment. Appellant also received an additional 71 days of custody credit. The court corrected the stayed sentence on the murder conspiracy count to a term of 25 years to life. (*People v. Taituave I*, *supra*.)

Appellant filed a petition for resentencing under section 1170.95 on January 29, 2020. The superior court denied the petition summarily on February 5, 2020, without appointing counsel. The court gave as the reason for its denial that the "petitioner was NOT convicted of murder.

2

This defendant was the shooter and was convicted of attempted murder." (Boldface omitted.) The trial court did not appoint counsel for appellant in connection with his section 1170.95 petition.

In *People v. Taituave* (June 21, 2021, B305271) [nonpub. opn.] [2012 Cal.App. Unpub. LEXIS ____ ] (*People v. Taituave II*), we concluded that appellant was not eligible for resentencing because he was not convicted of murder but only of attempted murder. Our conclusion was based on the text of subdivision (a)(2) and (3) of section 1170.95, which limited the provisions of section 1170.95 to persons convicted of first or second degree murder. (*Taituave II*, *supra*.)

We also concluded that because appellant's conviction for attempted murder disqualified him for relief as a matter of law, the superior court was empowered to conclude that appellant had not made out a prima facie showing that he fell within the provision of section 1170.95. (There was no prima facie case for relief since appellant was unable to comply with the requirement of subdivision (b)(1)(A) of section 1170.95 that he was eligible for relief under subdivision (a) of section 1170.95.)[1] We therefore affirmed the trial court's summary denial of appellant's petition. (*Taituave II*, *supra*.)

The California Supreme Court granted appellant's petition for review on August 25, 2021, but deferred further action on the petition. On January 5, 2022, the Supreme Court transferred the case to us with directions to vacate our decision in *Taituave II* and reconsider the cause in light of SB 775.

### SB 775

Effective January 1, 2022, section 1170.95 was amended to include persons convicted of attempted murder and manslaughter, in addition to persons convicted of murder. (§ 1170.95, subd. (a)(2), (3).) In the instance of attempted murder, section 1170.95 extends to

---

[1] The petition had to include a declaration by the petitioner that he or she was eligible for relief under subdivision (a) of section 1170.95. (§ 1170.95, subd. (b)(1)(A).)

persons convicted of attempted murder under the natural and probable consequences doctrine.[2]

As noted, the trial court had summarily denied appellant's section 1170.95 petition on the ground, affirmed by us, that he was ineligible for relief as a matter of law. The trial court therefore did not address the issue whether appellant was convicted of attempted murder under the natural and probable consequences doctrine. While it is true that the trial court's order also states that appellant "was the shooter" (*Taituave II*, *supra*), the trial court's summary denial of the petition necessarily meant that there was no operative decision of this issue.

Respondent contends that appellant's conviction of conspiracy to commit murder, which is a specific intent crime, shows that appellant had the specific intent to kill. Because the conspiracy count arose from the same course of conduct as the attempted murder counts,

---

[2] "(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

respondent claims that "appellant acted with the intent to kill as a matter of law with respect to the attempted murder counts." For this reason, respondent contends that this court should hold as a matter of law that appellant is ineligible for relief under section 1170.95.

Respondent's argument overlooks the procedure that must be followed in applying section 1170.95. As we show in the following passage, that procedure requires in this case the appointment of counsel, briefing, and a hearing to determine whether appellant has made a prima facie case for relief.

As noted, the prosecution in this case could proceed on the theory that appellant was guilty of attempted murder under the natural and probable consequences doctrine, thus satisfying the first requirement of subdivision (a)(1) of section 1170.95. (See fn. 2, *ante*.) Appellant was convicted of five counts of attempted murder, which satisfies the requirement of subdivision (a)(2) of section 1170.95. Finally, appellant could not be convicted of attempted murder under the natural and probable consequences doctrine because of changes to Penal Code sections 188 and 189 made effective January 1, 2019, which is the third requirement of subdivision (a) of section 1170.95.

Subdivision (b)(1) of section 1170.95 sets forth the required allegations of a petition seeking relief under section 1170.95. The first of those requirements is a declaration by the petitioner that he or she is eligible for relief under section 1170.95 "based on the requirements of subdivision (a)." (§ 1170.95, subd. (b)(1)(A).)[3] In this case, after the enactment of SB 775, petitioner can allege that he is eligible for relief because he has satisfied the requirements of subdivision (a) of section 1170.95.

Subdivision (c) of section 1170.95 goes on to provide: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the

---

[3] The second and third required allegations are the superior court case number of the petitioner's conviction and whether petitioner requests the appointment of counsel. (§ 1170.95, subd. (b)(1)(B), (C).)

prosecutor's response is served. . . . After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).)

It is clear that appellant is entitled to the rights and procedures set forth in subdivision (c). We therefore decline to even address, much less decide, the issue under what theory appellant was convicted of the attempted murders.

## DISPOSITION

Our decision in *Taituave II* is vacated. The February 5, 2020 order is reversed and the cause is remanded to the superior court with directions to hear and determine appellant's petition under Penal Code section 1170.95 in accordance with the provisions of Senate Bill No. 775 and Penal Code section 1170.95 as amended effective January 1, 2022.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

CHAVEZ, J.

6